51 CCPA

**Application of Masao YAMAURA.**
**Patent Appeal No. 7170.**

United States Court of Customs and Patent Appeals.
April 9, 1964.

Laurence R. Brown, Washington, D. C., and Willis L. Vary, University Heights, Ohio, for appellant.

Clarence W. Moore, Washington, D. C. (L. F. Parker, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

ALMOND, Judge.

Masao Yamaura appeals from a decision of the Board of Appeals affirming the examiner's rejection of claims 3 and 4 in appellant's patent application [1] for "Glassfibre-Tube-Type Plate for Electric Storage Cell and Battery." No claims have been allowed.

The appealed claims read as follows:

"3. A method for making porous tubes for electric storage cells comprising the steps of placing a strip of glass fiber cloth centrally of a glass fiber mat of angularly disposed filaments, impregnating the mat and the cloth with acid-resistant non-oxidizing adhesive agent and rolling the mat and the cloth in the form of a tube.

"4. The method according to claim 3 wherein the strip of cloth has a width in the range of one-half to one-fourth the width of the glass fiber mat."

It is noted that both claims are drawn to a method of making a porous tube illustrated in the following drawing:

Fig. 3

Fig. 4

Claim 3, the broader of the two claims, involves three principal steps: (1) placing a strip of glass fiber cloth 2 centrally of a glass fiber mat 1 of angularly disposed filaments; (2) impregnating the mat and cloth with an acid-resistant nonoxidizing adhesive agent; and (3) rolling the mat and cloth into the form of a tube.

Claim 4, dependent on claim 3, recites the width of the strip of cloth as in the range of one-half to one-fourth that of the glass fiber mat.

The references relied upon are:

| | | |
|---|---|---|
| Yamaura | 2,847,496 | Aug. 12, 1958 |
| Yamaura et al. | 2,806,076 | Sept. 10, 1957 |
| Wheat | 2,305,121 | Dec. 15, 1942 |

Yamaura discloses a method of making a porous tube for a lead-acid battery plate. The glass-fiber mat, as material for the tube, is made of glass-fiber fila-

[1]. Serial No. 818,131, filed June 4, 1959.

ments. In tubes of extremely small diameter the filaments measure about 5–10 microns in diameter laid at oblique angles with each other in a "piled-up" thickness of between 0.1 and 0.2 mm. The adhesive agent used on the mat "should be of acid-resisting and anti-oxidation property" with "sufficient adhesiveness to glass-fiber filaments." The mat thus made and impregnated "is wound several times around a mandrel" forming a tube.

Yamaura et al. shows a method of making porous tubes for storage battery plates in which a glass-fiber mat, made of glass-fiber filaments laid at oblique angles, is coated with an acid-resisting synthetic resin and rolled around a mandrel. The specification recites:

"In another modified method, additional glass fiber mat, sprayed or soaked with adhesives different in kinds and volume, or consisting of filaments of varied diameters, may also be rolled around the first one."

Wheat discloses a battery plate construction in which the "positive plates are composed chiefly of a series of cylindrical or pencil-like electrode elements" which are "made from glass fiber yarn or thread, by weaving, braiding or other textile fabricating operations." The patent teaches that the "tubes can readily be manufactured to close dimensions and of sufficiently fine mesh to prevent any substantial passage therethrough of the active material of the plate." It is stated that "suitable lengths of this tubing are drawn on to an arbor and are impregnated with some stiffening material preferably of such a nature that it will not be soluble in or otherwise adversely affected by the sulphuric acid electrolyte * * *." It is further stated that a sleeve or some suitable sheet material, "preferably a glass fiber paper" is inserted into the tube serving to stiffen same and particularly to prevent "any sifting or 'shedding' of the particles of active material through a coarser meshed fabric tube."

The examiner rejected the claims here on appeal on three grounds: (a) Failure "to describe completely a specific embodiment as required by Rule 71(b)"; · (b) failure "to particularly point out and distinctly claim the invention as required by Rule 75(a)"; and (c) as being unpatentable over Yamaura or Yamaura et al. in view of Wheat and Brown or Brandt.

The board sustained the examiner on all of the grounds of rejection, stating, however, that the examiner had not applied "the Brown and Brandt references so they appear to be merely cumulative."

We have noted that both claims on appeal are directed to methods and that claim 3 describes the method in three steps which are specifically incorporated by reference into dependent claim 4.

With reference to the rejection as unpatentable over Yamaura or Yamaura et al. in view of Wheat, both of the Yamaura references clearly discloses steps 2 and 3 of the appealed claims.

Appellant relies on step (1), viz., that a strip of glass fiber cloth be placed centrally of the mat prior to the impregnating and rolling steps, as distinguishing over the two Yamaura references. That step would seem to be obvious, however, since Yamaura et al. teaches that an additional glass fiber mat "may also be rolled around the first one," while Wheat discloses a sheet of "glass fiber paper" inserted into a tub of glass fiber yarn. We are inclined to agree with the solicitor that there would "appear to be no patentable difference between applying the wrapper to the tubular member by rolling the two together as opposed to applying a separate covering or insert after the first tube is formed in view of the fact that wrapping sheet objects by rolling the wrapper and the sheet together is widely used, in fact, it is one of the most common ways of wrapping sheet objects."

The record supports the finding of the board that:

"Yamaura et al. show rolling two mats together. Wheat shows a porous tube for an electric storage cell formed from layers of two different materials, a layer of glass fibre paper and a layer of glass fabric.

Yamaura et al. show the equivalence of glass fibre cloth and glass fibre mat as far as functioning in the storage cell is concerned. Yamaura shows impregnating a glass fibre mat with an acid-resistant non-oxidizing adhesive and shows rolling the mat in the form of a tube."

Predicated upon these clear teachings of the cited references, we are in agreement with the board that it would not be unobvious for one skilled in the art to combine these disclosures:

" * * * by placing a strip of glass fibre cloth centrally of a glass fibre mat as would be suggested by Yamaura et al. and Wheat, impregnating the mat and cloth as shown by Yamaura et al. and rolling the mat and cloth in the form of a tube as shown by Yamaura et al. and as taught by Yamaura."

Claim 4 distinguishes over claim 3 only with respect to the widths of the mat and cloth.

The board held that the respective widths of the mat and cloth were not considered critical and would be well within the skill of the art. We agree.

It is our view that the board has committed no reversible error in rejecting the appealed claims as unpatentable over the prior art.

It is not necessary, therefore, to reach the rejections based on insufficiency of disclosure and for failure to particularly point out and distinctly claim the invention.

In reaching our conclusion, we have not been unmindful of the claimed results of the performance tests disclosed in appellant's specification, wherein it is recited that

" * * * the weaknesses inherent to conventional tubes are removed, physical strength of the tube is greatly increased, and increased electrical capacity and long service life of the battery are attained simultaneously."

We do not find the table of comparisons in the specification persuasive because it does not purport to be a comparison with the tubes of the prior art applied by the examiner. For example, there is nothing to indicate superior results with respect to a tube made of glass fabric having "a sleeve of some suitable sheet material" inserted therein as specifically suggested by Wheat. No details of the method of making the tubes is given in the description of the tests, so the precise differences in the methods are not readily apparent. The significance of the test results is only generally set forth and the tests do not show that the claimed method gives tubes of unobvious superiority to those produced by the methods of the prior art patents here applied. We perceive no reversible error in the failure of the examiner and the board to find basis for patentability in the tests set forth in the specification.

The decision of the board is affirmed.

Affirmed.